DA 14-0025

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 156N

IN THE MATTER OF:

K.L., J.L., and B.L.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause Nos. DN-10-05, DN-10-6,
and DN-10-7
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Elizabeth Thomas, Attorney at Law, Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

      Bernard G. Cassidy, Lincoln County Attorney, Libby, Montana

      Emily Von Jentzen, Assistant Attorney General, Child Protection Unit,
Kalispell, Montana

Submitted on Briefs:  May 21, 2014
Decided:  June 10, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 K.L. (Mother) appeals from an order of the Nineteenth Judicial District Court, Lincoln County, terminating her parental rights to her three children, K.L., J.L., and B.L. We affirm.

¶3 The following issues are raised on appeal:

¶4 Whether the District Court erred in finding the treatment plan appropriate.

¶5 Whether the District Court erred in finding that Mother was not in compliance with her treatment plan.

¶6 Whether the District Court erred in finding that the conditions rendering Mother unfit were unlikely to change within a reasonable time.

¶7 Whether the District Court abused its discretion when it terminated Mother's parental rights.

¶8 K.L., J.L., and B.L. were removed from Mother's care on March 27, 2012, following reports of neglect and abuse. The Department of Public Health and Human Services (Department) petitioned for temporary legal custody and adjudication of the children as youths in need of care on June 20, 2012. Mother stipulated to the adjudication and agreed to a treatment plan on July 9, 2012. Mother did not object to updated treatment plans approved on January 7 and June 21, 2013. The treatment plans required Mother to participate in supervised visitation, maintain a stable and safe residence, take her medication as prescribed,

2

participate in parenting education classes, participate in individual therapy, participate in vocational rehabilitation, maintain a monthly calendar of appointments, and maintain weekly contact with the Department. The Department petitioned for termination of Mother's parental rights on November 18, 2013. Following a hearing on December 10, 2013, the District Court terminated Mother's parental rights.

¶9 A district court's termination of parental rights is reviewed for abuse of discretion. *In re H.R.*, 2012 MT 290, ¶ 9, 367 Mont. 338, 291 P.3d 583. A trial court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *In re D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691. Findings of fact are reviewed for clear error. *In re D.B.*, ¶ 18. A finding is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been made. *In re H.R.*, ¶ 12.

¶10 A court may order termination of parental rights upon a finding of clear and convincing evidence that the child is an adjudicated youth in need of care, an appropriate treatment plan has not been complied with or has not been successful, and the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. Partial or substantial completion of a treatment plan is insufficient. *In re D.V.*, 2003 MT 160, ¶ 27, 316 Mont. 282, 70 P.3d 1253.

¶11 Mother argues the treatment plans were not appropriate because they failed to address her particular cognitive and mental health needs. "A parent who does not object to a treatment plan's goals or tasks waives the right to argue on appeal that the plan was not

appropriate." *In re H.R.*, ¶ 10. Mother was represented by counsel and did not object to the treatment plans. She has waived the right to argue on appeal that the treatment plans were inappropriate. Nevertheless, testimony at the termination hearing indicated that many of the treatment plan components had been broken down and simplified to a level appropriate to Mother's abilities. Her therapist employed "creative" approaches designed to accommodate her borderline intellectual functioning. During parenting education classes, written assignments were replaced by "interactive real time discussion." The District Court's finding that the treatment plans were appropriate was not clearly erroneous.

¶12     Mother claims the District Court erred in finding that she failed to complete her treatment plan. Mother's therapist testified that she missed some therapy sessions and arrived late to others. She did not meet therapeutic goals regarding life skills and establishing independence. Mother attended supervised visitation, but sometimes discussed inappropriate topics with the children. She obtained her own residence two months before the hearing, but it was not considered a safe and stable environment because she lived with her boyfriend, who admitted molesting a nine-year-old girl. Mother was vague about whether she was taking her medication. She was inconsistent in maintaining a calendar of appointments. She admitted that she did not contact the Department weekly. She attended parenting education sessions, but needed prompting to apply what she had learned. She completed vocational rehabilitation and obtained employment. Though Mother made some efforts to comply, partial completion of a treatment plan is not sufficient. *In re D.V.*, ¶ 27. The District Court's finding that Mother did not successfully comply with her treatment plan was not clearly erroneous.

4

¶13    Mother also claims the District Court erred in finding that the conditions rendering her unfit were unlikely to change within a reasonable time. Mother was given well over a year to work on her treatment plan, but met few of its goals. Her therapist testified that her prognosis for change was "very poor to poor." He observed that Mother exhibited very little insight regarding her responsibility for the children's condition. Dr. Edward Trontel, who performed a psychological evaluation, testified that Mother was unable to reflect on her behavior "in a useful fashion" and could not articulate any behavioral changes she felt she needed to make. He testified that she "construed her children's behavior as a product of some disorder . . . rather than reactions to the situation in which they were living." He concluded she would not be prepared to resume caring for her children. The District Court's finding that the conditions rendering Mother unfit were unlikely to change in a reasonable period of time was not clearly erroneous.

¶14    Finally, Mother claims the District Court abused its discretion when it terminated her parental rights. The evidence presented at the hearing made clear that termination was appropriate in this case. Testimony established that both K.L. and J.L. were suicidal at the time of removal. They were ten and nine years old at the time. K.L. had difficulty in his foster placement because he defecated and urinated in a trash can in his bedroom. He refused to shower or brush his teeth and claimed he had never used shampoo. J.L. exhibited overly sexualized behavior and compulsively masturbated in public. B.L., who was five years old when he entered foster care, exhibited rage and severe anxiety. He bonded strongly with his foster parents and regressed following visitation with Mother. Dr. Trontel testified

5

that Mother did not have a full understanding of the children's needs. The District Court did not abuse its discretion when it terminated Mother's parental rights.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence. It is manifest on the face of the briefs and the record that there was no abuse of discretion.

¶16 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER